FILED
 2016 Aug-17  PM 02:25
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DEANDRE RUSSELL,** ] | |
| ] | |
|     **Appellant,** ] | |
| ] | |
| **v.** ] | **CIVIL ACTION NO.:** |
| ] | **5:15-CV-01699-KOB** |
| **ANTHONY INGEGNERI, et al.,** ] | |
| ] | |
|     **Appellees.** ] | |
| ] | |

## MEMORANDUM OPINION

Deandre Russell, proceeding *pro se*, appeals under 28 U.S.C. § 158(a) from the order entered on September 3, 2015, by the United States Bankruptcy Court granting Defendants' Motion to Dismiss the adversary proceeding Russell initiated against them. For the reasons given below, the decision of the bankruptcy court is **AFFIRMED**.

**I.  ISSUE ON APPEAL**

On appeal, Russell raises two issues over which this court has jurisdiction.[1] The first issue

---

[1]In his brief, Russell alleges that the district court committed error in separate proceedings. *See* (Doc. 11 at 19, 28). This court lacks appellate jurisdiction over the *district* court's decisions in those cases because it only has jurisdiction to review final orders of a *bankruptcy* court under 28 U.S.C. § 158(a)(1).

Russell also alleges error committed by the bankruptcy court relating to the denial of confirmation of the repayment plan. However, Russell has not appealed that order, and so those issues are not properly before this court. *See Fidelity & Deposit Co. of Maryland v. Morris* (*In re Morris*), 950 F.2d 1531, 1534 (11th Cir. 1992) ("[A]n adversary proceeding in the bankruptcy court and the companion bankruptcy case are two distinct proceedings."). Accordingly, the court limits its consideration to the issues raised by Russell related to this adversary proceeding and

is whether the bankruptcy court properly exercised jurisdiction over his case. The second issue is whether the bankruptcy court abused its discretion by dismissing Russell's adversary proceeding.

## II.   JURISDICTION

This court has jurisdiction over this matter under 28 U.S.C. § 158(a)(1), which provides that federal district courts "have jurisdiction to hear appeals . . . from final judgments, orders, and decrees" of bankruptcy courts. An order is considered final if it "ends the litigation and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)). Because the bankruptcy court's order dismissing the adversary proceeding was a final order, this court has jurisdiction to hear this appeal.

## III.   STANDARD OF REVIEW

A district court sitting as an appellate court reviews *de novo* whether the bankruptcy court had jurisdiction over the proceeding. *In re McLean*, 794 F.3d 1313, 1318 (11th Cir. 2015).

The decision on whether to retain jurisdiction over an adversary proceeding after dismissal of the accompanying bankruptcy case is left to "the sound discretion" of the bankruptcy court. *Fidelity & Deposit Co. of Maryland v. Morris* (*In re Morris*), 950 F.2d 1531, 1534 (11th Cir. 1992). Accordingly, this court reviews the bankruptcy court's decision to dismiss Russell's adversary proceeding for abuse of discretion. *See id.* A court abuses its discretion when its decision is based on a clearly erroneous finding of fact, an incorrect legal conclusion, or improper application of the law to the facts of the case. *Fidelity Interior Const., Inc. v. Se. Carpenters*

---

does not consider arguments related to the underlying bankruptcy, including denial of confirmation of the repayment plan.

*Reg'l.*, 675 F.3d 1250, 1258 (11th Cir. 2012).

**IV.    FACTS**

    **A.    Previous Bankruptcy and Subsequent Litigation**

Russell previously filed for relief under Chapter 13 in 2011.[2] *In re Russell*, No. 11-82514-JAC-13 (Bankr. N.D. Ala. July 21, 2011). During that bankruptcy proceeding, the Alabama Department of Revenue filed a proof of claim in the amount of $4014.53 for unpaid sales tax from 1997. The bankruptcy court confirmed a repayment plan that included the obligation to the Alabama Department of Revenue.

Russell contends that he was not provided an opportunity to dispute the validity of this debt. Nearly four months later, Russell filed an appeal of the bankruptcy's court's confirmation order in district court. *Russell v. Geddes*, No. 5:12-cv-01918-AKK (N.D. Ala. May 18, 2012). Judge Kallon dismissed the appeal as untimely, and Russell appealed the district court's order to the Eleventh Circuit Court of Appeals. On July 5, 2012, the bankruptcy court dismissed the proceeding for Russell's failure to comply with the repayment plan. Consequently, the Eleventh Circuit dismissed Russell's appeal as moot. Russell petitioned for a Writ of Certiorari with the United States Supreme Court, which was denied.

---

    [2]Russell makes reference to prior proceedings in his brief, but did not designate all of the relevant documents as part of the record on appeal. Therefore, the court takes judicial notice of the dockets of the cases mentioned in this section. *See Dickerson v. State of Ala.*, 667 F.2d 1364, 1367 (11th Cir. 1982) ("While federal appellate courts do not often supplement the record on appeal with evidence not reviewed by the court below, it is clear that the authority to do so exists."); *United States v. Rey*, 811 F.2d 1453, 1457 n. 5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

On December 31, 2013, Russell filed an action in district court against some of his creditors, his counsel, and the bankruptcy trustee, alleging violations of the Truth in Lending Act and other state-law claims. *Russell v. Redstone Federal Credit Union et al.*, No. 5:13-cv-02350-AKK (N.D. Ala. Dec. 31, 2013). On June 8, 2016, Judge Kallon dismissed the Truth in Lending Act claims on the basis of *res judicata* and declined to exercise jurisdiction over the remaining state law claims.

   B.   **Current Bankruptcy**

On January 17, 2014, Russell again filed for bankruptcy relief under Chapter 13. The Alabama Department of Revenue reasserted its claim against Russell for unpaid 1997 sales tax. The claim was later withdrawn by the Department because the statute of limitations had run. Russell filed an objection to withdrawal of the claim. Russell then filed this adversary proceeding in bankruptcy court against Anthony Ingegneri and Mark Peterson, in their official capacity as revenue officers for the Alabama Department of Revenue; Mark Griffin, in his official capacity as Assistant Counsel for the Department of Revenue; and Kelley Gillikin, in her official capacity as Assistant Attorney General for the State of Alabama. Russell alleged that the defendants violated his property rights protected by the Fourteenth Amendment and alleged violations of his civil rights under 42 U.S.C. § 1983. Russell demanded a jury trial to decide these matters.

On August 5, 2015, the bankruptcy court denied confirmation of Russell's repayment plan, finding that Russell was motivated by adjudicating alleged injuries rather than attempting to repay his creditors. The bankruptcy court dismissed the case for cause, citing to prejudicial delay by Russell to his creditors and denial of the confirmation plan.

On August 20, 2015, Defendants moved to dismiss this adversary proceeding, arguing

that the bankruptcy court lacked jurisdiction to hear the claims alleged in the complaint. Defendants made known that they did not consent to adjudication of Russell's claims in bankruptcy court. The bankruptcy court granted Defendants' motion, finding that court did not have jurisdiction over any of Russell's claims because they were non-core proceedings. Further, the court also found no cause to retain jurisdiction given the dismissal of the underlying bankruptcy case.

Russell now appeals, challenging the bankruptcy court's decision to dismiss the adversary proceeding.

V.   **DISCUSSION**

   A.   **Jurisdictional Issues**

Russell raises two issues regarding the bankruptcy court's jurisdiction. First, Russell appears to argue that the bankruptcy court erred by failing to immediately request, *sua sponte,* that the district court withdraw the reference with respect to the adversary proceeding. However, the bankruptcy court was under no obligation to do so. Mandatary withdrawal is required of the *district court* in some situations, but even those circumstances require a motion by the party.[3] *See* 28 U.S.C. § 157(d). No such requirement applies to the bankruptcy court. Therefore, the bankruptcy court did not err by failing to act *sua sponte*.

Second, Russell also appears to argue that an appeal made to the Eleventh Circuit Court of Appeals in his civil matter, *Russell v. Redstone Federal Credit Union et al.*, No. 5:13-cv-02350-AKK (N.D. Ala. Dec. 31, 2013), against his creditors, the trustee from his former

---

[3]Russell was, of course, free to file a motion in the district court to withdraw the action, but he did not do so.

proceeding, and his previous counsel, resulted in the bankruptcy court losing jurisdiction over his current proceeding. The argument, as the court construes it, is essentially that only one federal court may properly have jurisdiction over a party's property at a time. This argument is flawed. Filing an appeal divests a district court of jurisdiction over the *case appealed*, but it does not divest other federal courts of jurisdiction over other matters involving the party, even if the matters are factually related. *See generally Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58–60 (1982) (explaining the effect of a notice of appeal on a lower court's jurisdiction).

The bankruptcy court properly exercised jurisdiction over Russell's most recent bankruptcy proceeding despite appeals in his other bankruptcy proceeding or civil action because those cases are separate proceedings. Russell's appeal in his civil action did not divest the bankruptcy court below of jurisdiction over his entire bankruptcy and somehow make it improper for the bankruptcy court to dismiss the adversary proceeding.

### B.     Dismissal of the Adversary Proceeding

As a general rule, dismissal of a bankruptcy case results in "dismissal of all pending adversary proceedings." *Morris*, 950 F.2d at 1535.  However, 11 U.S.C. § 349 permits a bankruptcy court to retain jurisdiction for cause. To determine whether the bankruptcy court has cause to retain jurisdiction, it considers the interests of judicial economy, fairness and convenience to the litigants, and the degree of difficulty of the related legal issues. *Id*. Bankruptcy courts have retained jurisdiction when dismissal would result in the debtor being otherwise unable to bring his claim and where it would limit a party's ability to recover its property. *See, e.g., In re Lake Tahoe Land Co., Inc.*, 12 B.R. 479, 481 (Bankr. D. Nev. 1981); *In re Pocklington*, 21 B.R. 199, 202 (Bankr. S.D. Cal. 1982).

Russell contends that the bankruptcy court abused its discretion by dismissing his adversary proceeding. In support of his argument, Russell points to the underlying merits of his claim against the Defendants. However, the potential validity of a claim has no effect on whether a bankruptcy court should retain jurisdiction over it following dismissal of the accompanying bankruptcy proceeding.

This court finds no legal error in the bankruptcy's court analysis nor clear error in its factual determinations. The bankruptcy court applied the proper legal standard, citing and weighing the factors articulated by the Eleventh Circuit in *Morris*. Specifically, the bankruptcy court noted that discovery had not yet occurred in the case and that Russell's claims were better suited for adjudication in an Article III court.[4] Russell does not dispute these contentions, and the court finds no error in them.

The bankruptcy court's determination is further supported by the fact that the bankruptcy court lacked jurisdiction over Russell's constitutional claims. Actions commenced under § 1983 are considered tort claims for purposes of 28 U.S.C. § 157(b)(5), which requires that such claims be tried in the district court where the bankruptcy is pending. *In re Hansen*, 164 B.R. 482, 486 (Bankr. D. N.J. 1994).

Because the bankruptcy court did not have jurisdiction over the claims unrelated to the

---

[4] Russell expresses a desire in his brief that the claims made in his adversary proceeding be heard in an Article III court. However, his request comes too late in this proceeding as he did not file a motion to withdraw the reference in district court. In an appeal from bankruptcy court, this court only has jurisdiction over challenges to the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1). This court lacks power to grant Russell an adjudication on the merits of the claims contained in his adversary proceeding. The bankruptcy's court's dismissal of the action does not affect Russell's ability to seek separate relief in a federal district court if such a case is otherwise proper.

dismissed bankruptcy case, the court did not abuse its discretion by dismissing the adversary proceeding because it had no possible cause to retain jurisdiction over the case.

## VI. CONCLUSION

The bankruptcy court did not abuse its discretion in dismissing the adversary proceeding. Therefore, the decision of the bankruptcy court is **AFFIRMED**.

**DONE** and **ORDERED** this the 17th day of August.

*/s/ Karon O. Bowdre*

_____

KARON OWEN BOWDRE

CHIEF UNITED STATES DISTRICT JUDGE